IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| EVA SALA,<br><br>                 Plaintiff,<br><br>                 v.<br><br>LABRON HAWK in his individual<br>capacity and ERIC HOLDER as UNITED<br>STATES ATTORNEY GENERAL<br><br>                 Defendants.<br>_____ | )<br>)<br>)<br>)<br>)<br>)    Civil No. 2008-63<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

ATTORNEYS:

**Andrew C. Simpson, Esq.**
**Rachelle Shocklee, Esq.**
St. Croix, U.S.V.I.
    *For the plaintiff*,

**Timothy J. Abraham, Esq.**
St. Thomas, U.S.V.I.
    *For the defendants.*


<u>MEMORANDUM OPINION</u>

GÓMEZ, C.J.

    Before the Court is the motion to dismiss Count IV of the

complaint in this matter, by the defendants Labron Hawk ("Hawk")

and Attorney General Eric Holder ("Holder")[1] (jointly the

"defendants").  The defendants move for dismissal pursuant to

---

[1] The complaint in this matter named Attorney General Michael B. Mukasey
as a defendant. Pursuant to Federal Rule of Civil Procedure 25(d), Holder has
been substituted in the caption.

Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1), arguing that Count IV fails to state a claim upon which relief can be granted and that this Court lacks subject matter jurisdiction over Count IV. Plaintiff Eva Sala ("Sala") opposes the motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Sala is a Special Agent of the Drug Enforcement Administration ("DEA"). In September of 2004, Sala was assigned to the High Intensity Drug Trafficking Areas ("HIDTA") task force office on St. Croix, U.S. Virgin Islands. Beginning in October of 2004, and continuing through October 12, 2007, Hawk was Sala's direct supervisor in the St. Croix HIDTA office. Sala claims Hawk interfered with her work travel arrangements, sent her an inappropriate, sexually suggestive video via email, gave her scheduling assignments that were particularly burdensome, refused to extend her assignment to the St. Croix office despite the fact that such requests are routinely granted and have never been denied for male Special Agents, and sabotaged her promotion opportunities by giving her inappropriate and contradictory performance review ratings. Sala alleges that Hawk's poor treatment of her was based on her sex.

On July 22, 2008, Sala filed a four-count complaint against Hawk and Holder. In Count I, Sala claims that Hawk discriminated against her on the basis of her sex, in violation of 42 U.S.C.

2000e *et seq.* ("Title VII").  Count II alleges that Hawk
retaliated against Sala for initiating an Equal Employment
Opportunity process, also in violation of Title VII.  Count III
alleges that Sala was forced to work in a hostile work
environment, in violation of Title VII.  Count IV raises a claim
of intentional interference with Sala's employment relationship.
Sala seeks an injunction to stop Hawk from retaliating against or
harassing her, and an injunction to stop the DEA from making Hawk
her supervisor.  Sala also seeks damages.

## II. <u>DISCUSSION</u>

### A. Motion to Dismiss for Failure to State a Claim

"[W]hen ruling on a defendant's motion to dismiss, a judge
must accept as true all of the factual allegations contained in
the complaint." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007)
(per curiam)(citing *Bell Atlantic Corp. v. Twombly*, 127 S. Ct.
1955, 1965 (2007)).  All reasonable inferences are drawn in favor
of the non-moving party.  *Alston v. Parker*, 363 F.3d 229, 233 (3d
Cir. 2004).

A court must ask whether the complaint "contain[s] either
direct or inferential allegations respecting all the material
elements necessary to sustain recovery under *some* viable legal
theory."  *Bell Atlantic v. Twombly*, 127 S. Ct. 1955, 1969
(emphasis in original) (quoting *Car Carriers, Inc. v. Ford Motor*

*Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id*. at 1964-65 (internal citations omitted). Thus, "[t]o survive a motion to dismiss, a . . . plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Twombly*, 127 S. Ct. at 1965).

When a district court determines that federal law preempts a plaintiff's state law claims, the court should dismiss the claims for failure to state a claim pursuant to Rule 12(b)(6). *See, e.g.*, *Barber v. UNUM Life Ins. Co. Of America*, 383 F.3d 134, 136 (3d Cir. 2004) (remanding with instructions for district court to dismiss preempted claims under Rule 12(b)(6)).

## III. <u>ANALYSIS</u>

The defendants argue that the Civil Service Reform Act of 1978, Pub. L. No. 95-454, 92 Stat. 1111 (1978)("CSRA") provides the exclusive remedy for a federal employee challenging employment related decisions. As such, they argue that Count IV

of Sala's complaint is preempted by the CSRA. Sala contends that

Count IV is pled in the alternative to her Title VII claims. She

argues that if a jury[2] finds there was no discrimination, it

could still find liability for Hawk's improper tortious

interference with her employment.

"The CSRA provides a comprehensive claims procedure for most

government employees . . . where there is an allegation of

prohibited personnel practices." *Steele v. United States*, 19 F.3d

531, 532 (10th Cir. 1994) (citing 5 U.S.C. § 1214). The United

States Supreme Court has described this claims procedure, noting,

"[f]ederal civil servants are now protected by an elaborate,

comprehensive scheme that encompasses substantive provisions

forbidding arbitrary action by supervisors and procedures --

administrative and judicial -- by which improper action may be

redressed. They apply to a multitude of personnel decisions that

are made daily by federal agencies." *Bush v. Lucas*, 462 U.S. 367,

385 (1983).

---

[2] The Court notes that Sala has demanded a jury trial. The defendants
in this action are the Attorney General and the United States, following
the certification of the Acting US Attorney for the District of the Virgin Islands
that Hawk was acting within the scope of his employment, and the resulting
substitution of the United States for Hawk, pursuant to the Federal Employees
Liability Reform and Tort Compensation Act of 1988 (the "Westfall Act"), 28
U.S.C. § 2679. As such, unless and until Sala successfully challenges the
Acting U.S. Attorney's certification, she has no right to a jury trial. *See
Osborne v. Haley*, 549 U.S. 225, 252 (2007) ("The Seventh Amendment, which
preserves the right to a jury trial in suits at common law, we have held, does
not apply to proceedings against the sovereign." (citation omitted)).

If a plaintiff's state law claims fall within the scope of

coverage of the CSRA, then those claims are preempted by the

CSRA. *Steele*, 19 F.3d 531, 533 (10th Cir. 1994) ("Federal and

state court actions complaining of activities prohibited by the

CSRA . . . are preempted by the CSRA." (quotation omitted)); *Roth*

*v. United States*, 952 F.2d 611, 614 (1st Cir. 1991) ("the CSRA

preempts state-law challenges to prohibited personnel practices

in the federal workplace"); *see also Sarullo v. United States*

*Postal Serv.*, 352 F.3d 789, 795 (3d Cir. 2003) ("the CSRA affords

the exclusive remedy for damage claims of federal employees

seeking redress for alleged constitutional violations arising out

of the employment relationship").

Sala alleges that Hawk impermissibly interfered with her

employment by:

    a.    Interfering with Plaintiff's travel for training
        at the DEA Training Academy in Quantico in March
        2005 by calling the academy and instructing the
        instructor to require Plaintiff to complete her
        return travel in one day in order to make the
        travel inconvenient for Plaintiff.

    b.    On June 9, 2005, sending a video via DEA email to
        Plaintiff in which a woman is depicted in a
        powerless position at the hands of a male law
        enforcement officer and is "Tasered," causing the
        woman to scream as if she were having an orgasm.
        Defendant Hawk entitled the email, "You 'the
        aggressive woman' will like this."

    c.    Between January 2005 and October 2007, Defendant
        Hawk routinely assigned male Special Agents junior

> to Plaintiff to serve as the Acting Resident Agent
> in Charge for lengthy periods of time while
> routinely assigning Plaintiff to serve as the
> Acting Resident in Charge for short (four to 24
> hours) periods of time, and usually at undesirable
> times. For example, Plaintiff would be assigned to
> serve as the Acting Resident Agent in Charge on
> Friday afternoons, immediately prior to the
> commencement of a weekend, which would necessarily
> cause Plaintiff to have to stay beyond normal
> working hours at the commencement of a weekend.

> d.   Refusing to extend Plaintiff's assignment to St.
>      Croix despite the fact that such requests in
>      hardship locations are routinely granted and on
>      information and belief have never been denied when
>      a male Special Agent made such a request.

> e.   Giving Plaintiff lower than appropriate ratings on
>      her annual performance reviews while giving male
>      Special Agents higher than appropriate ratings on
>      their annual performance reviews.

> f.   Sabotaging Plaintiff's opportunities for promotion
>      by giving Plaintiff inappropriate and
>      contradictory SAAP ratings.

(Am. Compl. 9-10.)

The CSRA provides a broad definition of the personnel

actions it covers:

> For the purpose of this section--
>     (A) "personnel action" means--
>         (i) an appointment;
>         (ii) a promotion;
>         (iii) an action under chapter 75 of this title
> [5 USCS §§ 7501 et seq.] or other disciplinary or
> corrective action;
>         (iv) a detail, transfer, or reassignment;
>         (v) a reinstatement;
>         (vi) a restoration;
>         (vii) a reemployment;

>       (viii) a performance evaluation under chapter
> 43 of this title [5 USCS §§ 4301 et seq.];
>       (ix) a decision concerning pay, benefits, or
> awards, or concerning education or training if the
> education or training may reasonably be expected to
> lead to an appointment, promotion, performance
> evaluation, or other action described in this
> subparagraph;
>       (x) a decision to order psychiatric testing or
> examination; and
>       (xi) any other significant change in duties,
> responsibilities, or working conditions;
>   with respect to an employee in, or applicant for,
> a covered position in an agency . . . .

5 U.S.C. § 2302(a)(2). That section further provides:

> Any employee who has authority to take, direct others
> to take, recommend, or approve any personnel action,
> shall not, with respect to such authority . . . take or
> fail to take any other personnel action if the taking
> of or failure to take such action violates any law,
> rule, or regulation implementing, or directly
> concerning, the merit system principles contained in
> section 2301 of this title.

*Id.* at § 2302(b)(12). Section 2301 explains the principles of

the merit system:

> All employees and applicants for employment should
> receive fair and equitable treatment in all aspects of
> personnel management without regard to political
> affiliation, race, color, religion, national origin,
> sex, marital status, age, or handicapping condition,
> and with proper regard for their privacy and
> constitutional rights. . . . Employees should be
> retained on the basis of the adequacy of their
> performance, inadequate performance should be
> corrected, and employees should be separated who cannot
> or will not improve their performance to meet required
> standards.

*Id.* at § 2301 (b)(2), (6).

Courts broadly construe the parameters of "personnel actions" that fall under the CSRA. *Saul v. United States*, 928 F.2d 829, 833 (9th Cir. 1991) (holding claims that employer opened employee's personal mail, defamed employee, and intentionally inflicted emotional distress were CSRA personnel actions because "[t]he merit system principles include treating employees fairly and equitably . . . as well as protecting employees against arbitrary action and personal favoritism.").

Most of Sala's claims clearly fall under the CSRA's definition of personnel actions. Indeed, she claims that Hawk gave her unfavorable scheduling assignments; forced her to return to work after a training session in one day; gave her poor reviews; refused to extend her assignment to St. Croix; and intentionally prohibited her promotion. These actions all constitute the type of personnel decisions a manager makes in managing a work force. If those decisions are motivated by inappropriate considerations, they may violate the merit protection principles of the CSRA. *See* 5 U.S.C. § 2301.

Sala's claim that Hawk sent her a sexually suggestive email gives the Court some pause, and stands out among her allegations as less closely related to a personnel decision. However, sending the email was clearly a personnel action in light of the rest of Sala's claims. *Cf. Schwartz v. Int'l Fedn. Of Prof'l &*

*Tech. Eng'rs, AFL-CIO*, 306 Fed. Appx. 168, 170, 173 (5th Cir.

2009) (unpublished) (finding circulation of two emails, one

accusing plaintiff of unprofessional behavior, the other

criticizing plaintiff's performance and likening him to a Nazi-

collaborator, was "the type of conduct to which the CSRA was

designed to apply"). Indeed, the gravamen of Sala's complaint is

that, because of a personal vendetta, Hawk created a poor work

environment that prohibited her from succeeding.[3]

The claims lodged in Count IV of Sala's complaint all fall

under the CSRA, and are preempted by it. Count IV fails to state

a claim upon which relief can be granted, and will be dismissed.

*See, e.g.*, *Roth*, 952 F.2d at 612 (affirming district court's

dismissal of CSRA preempted claims for failure to state a claim

upon which relief could be granted).

---

[3] Even assuming *arguendo* that the Hawk email did not fall within the
conduct sanctioned by the CSRA, that conduct, in essence, gives rise to a
Title VII claim. Because a Title VII claim is already asserted for the same
conduct, however, dismissal for asserting a duplicative claim would be
appropriate. *See, e.g.*, *Kuhns v. City of Allentown*, 08-cv-2606, 2009 WL
902334, at * 1 (E.D. Pa. Mar. 31, 2009) (dismissing one claim as duplicative
of another claim in the complaint).

## IV. <u>CONCLUSION</u>

For the forgoing reasons, the defendants' motion to dismiss Count IV of Sala's complaint will be granted.  An appropriate order accompanies this opinion.

S\_____

**CURTIS V. GÓMEZ**
**Chief Judge**