# DISTRICT COURT OF THE VIRGIN ISLANDS

# DIVISION OF ST. CROIX

| | |
|---|---|
| EVE M. SALA, | |
| Plaintiff, | 1:008-cv-63 |
| v. | |
| LABRON HAWK, in his individual capacity, and ERIC HOLDER, in his official capacity as United States Attorney General, | |
| Defendants. | |

TO: Rachelle M. Shocklee, Esq.
Timothy J. Abraham, Esq., AUSA

## CONSENT PROTECTIVE ORDER PERTAINING TO DOCUMENTS COVERED BY THE PRIVACY ACT

WHEREAS certain documents and other information pertinent to this litigation are protected pursuant to the Privacy Act, 5 U.S.C. § 522a, the parties and the Court agree that the following Consent Protective Order should be entered in order to protect the privacy of present and former employees of the Drug Enforcement Administration ("DEA" or "the Agency") against the unreasonable disclosure of information and records as specified by the provisions of the Privacy Act, 5 U.S.C. § 552a, to allow Defendant Attorney General Holder and the Agency to release such information and records without violating the provisions of the Privacy Act, and to facilitate the preparation and trial of this case.

Accordingly, it is now hereby **ORDERED**:

1. This Consent Protective Order shall apply to, govern and direct the disclosure in the course of this action of **ALL** Agency records that are protected by the Privacy Act or that otherwise contain personal information regarding individuals other than Plaintiff and that are discoverable under Rule 26 of the Federal Rules of Civil Procedure.

2. If any dispute arises between Plaintiff and Defendants with regard to whether any document or information is covered by this Consent Protective Order, counsel for Plaintiff and Defendant shall meet and confer in a good faith effort to resolve the dispute. In the event counsel are unable to reach complete agreement, the party raising the challenge may file a motion with the Court.

3. Pursuant to 5 U.S.C. § 552a(b)(11) and Fed. R. Civ. P. 26(c), this Consent Protective Order permits the Agency to produce information and records reasonably calculated to provide Plaintiff the discovery she seeks without requiring Agency officials to pre-screen each document for Privacy Act objections and presenting those objections to this Court for a decision regarding disclosure.

4. This Consent Protective Order does not constitute a waiver by either party of their respective rights under the Federal Rules of Civil Procedure and Federal Rules of Evidence, nor does it constitute any decision by the Court concerning discovery, the admission into evidence of Protected Documents, or liability for payment of costs of production of such protected documents.

5. To the extent practicable, DEA will redact highly sensitive and personal information from agency records, including, but not limited to, the social security numbers and home addresses of enforcement personnel, as well as information subject to any privilege including the law enforcement investigative privilege. Nothing in this Order shall be construed to preclude DEA from asserting the law enforcement investigatory privilege or any other applicable privilege and declining to produce materials or portions of materials. In the event of such an objection, such documents or information will be identified by Defendants with sufficient specificity to allow for in-camera inspection or other Court procedure to resolve the dispute.

6. The Agency is authorized to release to the United States Attorney's Office documents and information relevant to this case covered by the Privacy Act without first obtaining prior consent of the individual to whom such records

pertain, including Plaintiff. The United States Attorney's Office is further authorized to release the documents and information covered by the Privacy Act to Plaintiff without first obtaining prior consent of the individual to whom such records pertain. Furthermore, both parties are authorized to disclose these materials to the Court.

7. The materials and information protected by the Privacy Act shall be designated as such when disclosed.

8. Access to the materials and information shall be limited to the parties, and other personnel in their employ, including counsel for the parties, as well as counsel's staff. Any third party, including both fact and expert witnesses, must be advised of the terms of this Consent Protective Order and agree in writing to comply with its terms, with the understanding that non-compliance may result in Court sanctions. Such written agreement shall state:

> I, _____, hereby acknowledge that I have read the Consent Protective Order regarding protected information entered on September 4, 2009, in *Sala v. Hawk.*, 1:08-cv-63, in the District Court of of the Virgin Islands. I hereby agree to obey the terms of the Consent Protective Order and to not disclose any protected information, in any manner whatsoever, to anyone for any other purpose other than for the sole purpose of this litigation. I acknowledge that my duty to obey this Order survives the termination of this case and my failure

to comply with the Order may result in Court sanctions. Nothing herein shall prohibit the parties or their counsel from disclosing documents or information protected under the Privacy Act to the person that was an author or addressee of such document or information.

9. Any person having access to the materials and information subject to this Order shall be informed that it is confidential and subject to this Order of this Court.

10. Except as otherwise provided herein, no person having access to this protected material and information shall make public its disclosure without further order of the Court or stipulation of the parties. This includes Plaintiff's use of the protected material and information during public court proceedings. If Plaintiff intends to do so, it must inform Defendant and attempt to reach agreement with the Defendant on the disclosure. If no such agreement can be reached, Plaintiff may seek a Court order.

11. Protected materials produced pursuant to this Consent Protective Order shall not be used or disclosed to any party by Plaintiff or his counsel for any purpose other than for the preparation for, hearing of, or trial of this case, styled *Eva Sala v. Labron Hawk and Attorney General Eric Holder of the United*

*States,* 1:08-cv-63 in the District Court of the Virgin Islands, Division of St. Croix (the "Case"), and any appeal and remand of the Case.

12. All materials and information protected by this Order that needs to be filed with the Court shall be filed under seal.

13. The material and information disclosed pursuant to this Order shall be destroyed or returned to Defendant's counsel within thirty (30) days after the conclusion of all proceedings, including any settlement, trial or appeal; it shall be the obligation of the holder of protected information to return or destroy the information as set forth under this Order. If the holder of the protected information wishes to destroy the information, it must irretrievably destroy all protected information and must certify to Defendant in writing that this destruction has taken place.

ENTER:

Dated: September 4, 2009

/s/ George W. Cannon, Jr.
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE