## DISTRICT COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. CROIX

EVA M. SALA,

                                          Plaintiff,          1:08-cv-63

   v.

ERIC HOLDER, in his official capacity as
United States Attorney General,

                                          Defendant.

_____

TO:   Andrew C. Simpson, Esq.
        Timothy J. Abraham, Esq., AUSA


## MEMORANDUM OPINION

Cannon, Magistrate Judge[1]

THIS MATTER is before the Court upon Defendant's Motion to Dismiss and in the

Alternative Motion For Summary Judgment (Docket No. 59). Plaintiff filed an opposition

to said motion, and Defendant filed a reply thereto. A hearing upon said motion was held

on May 12, 2010. After careful consideration and upon review of the briefs and arguments

of the parties, the Court issues the following ruling.

---

1. The parties consented to having this case referred to the Magistrate Judge to conduct all proceedings, including trial (Docket No. 66). The matter then was referred by Chief Judge Gomez to the undersigned by Order (Docket No. 69), entered February 2, 2010.

## I.    <u>SUMMARY OF FACTS</u>

Plaintiff is a Caucasian female Special Agent of the Drug Enforcement Administration (DEA).  Plaintiff has been a DEA Special Agent since 1996.  Plaintiff requested to be and was assigned to the DEA office in St. Croix, U.S. Virgin Islands, from September 2004 to October 2007.  Lebron Eugene Hawk is a Caucasian male who was the Resident Agent in Charge (RAC) of the DEA office in St. Croix, U.S. Virgin Islands, and Plaintiff's direct supervisor from October 2004 to October 2007.  Plaintiff claims Hawk interfered with her work travel arrangements, sent her an inappropriate, sexually suggestive video via email, gave her scheduling assignments that were particularly burdensome, refused to extend her assignment to the St. Croix office despite the fact that such requests are routinely granted and have never been denied for male Special Agents, and sabotaged her promotion opportunities by giving her inappropriate and contradictory performance review ratings.  Plaintiff alleges that Hawk's poor treatment of her was based on her sex.

On July 22, 2008, Plaintiff filed a four-count complaint against Hawk and Defendant Holder.  In Count I, Plaintiff claims that Hawk discriminated against her on the basis of her sex, in violation of 42 U.S.C. 2000e *et seq.* (Title VII).  Count II alleges that Hawk retaliated against Plaintiff for initiating an Equal Employment Opportunity process, also in violation

of Title VII. Count III alleges that Plaintiff was forced to work in a hostile work environment, in violation of Title VII. Count IV, which raised a claim of intentional interference with Plaintiff's employment relationship, was dismissed by Order (Docket No. 39) granting Defendants' motion to dismiss, entered July 20, 2009. Plaintiff seeks an injunction to stop Hawk from retaliating against or harassing her and an injunction to stop the DEA from making Hawk her supervisor. Plaintiff also seeks damages.

## I.     <u>STANDARD OF REVIEW</u>

A moving party will prevail on a motion for summary judgment when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A factual dispute is deemed genuine if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The burden is on the moving party to prove that there is no genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In reviewing a motion for summary judgment, the Court must view the record in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Matsushita Elec.*

*Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986) citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)).

> As the Supreme Court has held:
>
> "[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some **metaphysical doubt** as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (footnote omitted). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

*Scott v. Harris*, 550 U.S. 372, 380 (2007) (emphasis in original). Moreover, summary judgment should be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322.

## II.     DISCUSSION

### A.     Count I – Discrimination

Plaintiff alleges in her complaint three (3) specific, individual instances of direct discrimination as well as three (3) events that she alleges occurred over a period of time. Plaintiff alleges that in March 2005, Hawk interfered with her travel for DEA training. She

also alleges that on June 9, 2005, Hawk sent her an inappropriate e-mail. Further, Plaintiff

alleges that Defendant's refusal to extend her assignment with the DEA office in St. Croix

was discriminatory. In addition, Plaintiff alleges that during the period of January 2005

through October 2007, either junior male Special Agents were appointed to serve as Acting

Resident Agent in Charge or Plaintiff was appointed to serve in such capacity for shorter

periods and at "undesirable" times. Finally, Plaintiff alleges that she was given lower than

appropriate ratings on her annual performance reviews and that her opportunities for

promotion were "sabotaged" by inappropriate and contradictory SAAP ratings. Compl.

at para. 17.

In response, Defendant first asks the Court to dismiss Plaintiff's untimely claims.

Plaintiff is an employee of a federal agency; thus, her discrimination claims are governed

by 29 C.F.R. § 1614.105, and must have been brought within forty-five (45) days of the act.

Memorandum in Support of Defendant's Motion to Dismiss and in the Alternative Motion

For Summary Judgment (Docket No. 60) at 2-3 (hereinafter, Memorandum in Support).

The date Plaintiff first complained of any alleged discriminatory acts was May 1, 2007,

when she met with an Equal Employment Opportunity (EEO) counselor. Consequently,

any discrete acts outside of the forty-five (45)-day window, that is, prior to March 17, 2007,

may not be considered as a basis for a claim of discrimination.

In Plaintiff's Opposition to Motion For Summary Judgment (Docket No. 78) (hereinafter, Opposition), Plaintiff acknowledges that the denial to extend her assignment with the DEA office in St. Croix is the sole basis of her discrimination claim contained in Count I. Opp'n at 15. Plaintiff is asserting a pretext theory of discrimination pursuant to *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). To prevail upon her claim, Plaintiff first must show that she: 1.) is a member of a protected class, 2.) was qualified for the position she sought to attain or retain, 3.) suffered an adverse employment action, and 4.) the action occurred under circumstances that could give rise to an inference of intentional discrimination. *Makky v. Chertoff*, 541 F.3d 205, 214 (3d Cir. 2008) (citing *McDonnell Douglas*, 411 U.S. at 802).

If Plaintiff establishes such a prima facie case, the burden shifts to Defendant to articulate a legitimate non-discriminatory reason for the adverse employment action. *Makky*, 541 F.3d at 214 (citing *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502 (1993)). If Defendant is able to articulate such a reason, then the burden shifts back to Plaintiff to show that this proffered reason is merely a pretext for intentional discrimination. *Makky*, 541 F.3d at 214.

## 1.    Prima Facie Case

In the case at bar, Defendant argues that the denial of Plaintiff's request to extend her assignment with the DEA office in St. Croix, U.S. Virgin Islands, was not an adverse employment action and, consequently, that Plaintiff cannot establish a prima facie case of discrimination on the basis of sex.  The Supreme Court has defined an *adverse employment action* thusly: "A tangible employment action constitutes a significant change in employment status, such as hiring, firing failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits. . . . A tangible employment action in most cases inflicts direct economic harm."  *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742, 761-62 (1998).  The United States Court of Appeals for the Third Circuit has defined an *adverse employment action* under Title VII as "an action by an employer that is 'serious and tangible enough to alter an employee's compensation, terms, conditions, or privileges of employment.'" *Tucker v. Merck & Co.*, 131 F. App'x 852, 855 (2005) (citing *Storey v. Burns Int'l Sec. Servs.*, 390 F.3d 760, 764 (3d Cir. 2004) (quoting *Cardenas v. Massey*, 269 F.3d 251, 263 (3d Cir. 2001); and *Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1300 (3d Cir.1997))).

According to Defendant the denial of Plaintiff's request for an extension of her assignment with the DEA office in St. Croix and her subsequent assignment to the DEA

office in Orlando, Florida, constituted a lateral transfer, with no demotion in grade, pay, job duties, and benefits. Defendant's Reply to Plaintiff's Opposition to His Motion to Dismiss and in the Alternative Motion For Summary Judgment (Docket No. 79) at 6 (hereinafter, Reply). The Court agrees that the difference from Plaintiff's St. Croix cost of living adjustment to the Orlando locality pay was not a "significant change in benefits" nor a "serious" alteration of Plaintiff's compensation.

While Plaintiff cites to caselaw indicating that a "transfer without reduction in rank or pay to a less desirable position can constitute an adverse employment action so as to preclude summary judgment," Opp'n at 15 (citations omitted), nothing in the record demonstrates that the assignment in Orlando, Florida, was "less desirable." Plaintiff does not allege that her assignment was to a "dead-end job," nor that it was to an "undesirable shift" nor anything else that would make the assignment "less desirable." *See, e.g., Fallon v. Meissner*, 66 F. App'x 348 (3d Cir. 2003) (and cases cited therein).

Simply because Plaintiff was required to leave personal relationships and the home that she had purchased, these individual personal issues do not enter into the analysis.

> [I]n order to amount to a materially adverse employment action . . . it must not arise from the employee's individual preferences, *Brown*, 199 F.3d at 457, and must be 'job-related' in the appropriate sense. *DiIenno v. Goodwill Inds.*, 162 F.3d 235, 236 (3d Cir. 1998). In *DiIenno*, we stated that a desire to live and

work in a city other than the one in which one currently works is not
"job-related." *Id*.

*Fallon*, 66 F. App'x at 352.

Based upon the foregoing, the Court finds that Plaintiff's assignment to the DEA

office in Orlando, Florida, was not an adverse employment action for purposes of a Title

VII discrimination claim.

In addition, the Court agrees that the denial of Plaintiff's request for extension of her

assignment with the DEA office in St. Croix, in and of itself, was not an adverse

employment action. As Defendant amply demonstrates, an extension was not a benefit to

which Plaintiff was entitled; rather, it was optional to be granted or denied according to the

DEA's needs and other considerations. Mem. in Supp. at 7; Reply at 6. Considering all the

facts and evidence in Plaintiff's favor, the Court finds that Plaintiff did not suffer an

adverse employment action.

Even if, however, Plaintiff could be found to have established a prima facie case of

discrimination, the Court finds that Plaintiff has not brought forth sufficient evidence to

demonstrate that Defendant's rational, legitimate reason for denying her request for an

extension was pretextual.

2. <u>**Pretext**</u>

In his Memorandum in Support, Defendant outlines six (6) primary reasons that

Hawk recommended that Plaintiff's request be denied:

> (1) Sala's violation of DEA policies involving travel; (2) Sala's failure to
> deliver a prisoner for grand jury testimony in San Juan, Puerto Rico; (3) Sala's
> involvement in leaving a prisoner unattended in the holding cell; (4) Sala's
> failure to properly maintain case files; (5) Sala's increasing friction within the
> office and with other agencies; and (6) the numerous complaints he received
> from other special agents about Sala.

Mem. in Supp. at 9 (citing Hawk's March 28, 2007, Memo).  In addition, Special Agent-In-

Charge (SAC) Harris attested that he decided not to grant her request for extension based

upon Hawk's recommendation as well as the fact that he

> researched SA Sala's investigative activity which focused on case initiations
> and informant recruitment to determine what her efforts were in this regard,
> and found that she had not initiated an investigation in the three years she
> worked in the St. Croix RO.  This is a core function for all Special Agents
> regardless of their respective grade level.  Additionally, I did not see the
> potential for future career development given the dynamics of the work
> performed in the United States Virgin Islands.  I believed that SA Sala would
> thrive in a larger office where more resources would be available.

Mem. in Supp. at 10 (citing Harris' EEO Aff. at para. 8).  The Court finds the reasons

enumerated as rational, legitimate bases for denying Plaintiff's request.

In order to survive a motion for summary judgment when the defendant offers a

legitimate reason for its employment action,

> [t]he plaintiff's evidence rebutting the employer's proffered legitimate reasons must allow a factfinder reasonably to infer that *each* of the employer's proffered non-discriminatory reasons, *see Logue v. International Rehab. Assocs., Inc.*, 837 F.2d 150, 155 (3d Cir. 1988) (holding that "the district court erred in failing to consider all of [the employer's] proffered evidence of legitimate business reasons for [the plaintiff's] termination" (emphasis supplied)), *aff'd after remand*, 866 F.2d 1411 (3d Cir. 1989), was either a *post hoc* fabrication or otherwise did not actually motivate the employment action (that is, the proffered reason is a pretext). *See Anderson*, 13 F.3d at 1124; *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 958 (5th Cir. 1993).

*Fuentes v. Perskie*, 32 F.3d 759, 764 (1994) (footnote omitted) (emphasis in original). In examining Plaintiff's attempt to discredit Defendant's proffered reasons, the Court determines whether Plaintiff has demonstrated such "weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions" that a reasonable factfinder could rationally find them '"unworthy of credence'". *Id.* at 765 (citation omitted).

Plaintiff's evidence consists primarily of her performance evaluations. These evaluations include statements such as "SA Sala has prepared documents . . . which are very professional" and "SA Sala has developed healthy and positive working relationships within the St. Croix Resident Office." Opp'n at 8. First, the Court understands that these comments were made in the context of salary and benefit changes and not as *ad hoc* comments made contemporaneously with some special event or occurrence or conduct that prompted them. Second, these comments are not necessarily inconsistent with the serious

allegations that Plaintiff made an unauthorized $300 withdrawal on her government travel

card, left a prisoner unattended in a holding cell without advising anyone to watch the

prisoner, and write a search warrant for the wrong structure on a certain property.  Mem.

in Supp. at 12-13 (citations omitted).  Nor do they contradict RAC Harris' finding that

Plaintiff never initiated any case investigations during the three years she was assigned to

the St. Croix office.  Reply at 9 (citation omitted).  Even taken all together, Plaintiff's

evaluations do not render Defendant's reasons for denying Plaintiff's request as

"'unworthy of credence.'"  *Fuentes*, 32 F.3d at 765 (citation omitted).  The Court finds that

Plaintiff's evidence does not allow the "factfinder reasonably to infer that *each* of the

employer's proffered non-discriminatory reasons . . . was either a *post hoc* fabrication or

otherwise did not actually motivate the employment action."  *Fuentes*, 32 F.3d at 764

(citations omitted) (emphasis in original).

### B.     Count II – Retaliation

To establish a prima facie case of retaliation under Title VII, a plaintiff must
show the following: (1) she engaged in conduct protected by Title VII; (2)
after or contemporaneous with engaging in that conduct, her employer took
an adverse action against her; (3) the adverse action was "materially adverse";
and (4) there was a causal connection between her participation in the
protected activity and the adverse employment action. *Burlington N. & Santa
Fe Ry. Co. v. White*, 548 U.S. 53, 126 S.Ct.  2405, 2415, 165 L.Ed.2d 345 (2006);
*Moore*, 461 F.3d at 340-41; *Weston v. Pennsylvania*, 251 F.3d 420, 430 (3d
Cir.2001).

*Hare v. Potter*, 220 F. App'x 120, 127 (3d Cir. 2007) (footnote omitted).  As the *Hare* court

explains,

> "Materially adverse" in this context means "it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington*, 548 U.S. at ----, 126 S.Ct. at 2415 (citation and internal quotation omitted); *Moore*, 461 F.3d at 341.  Stated differently, a plaintiff may meet her burden by demonstrating that her employer's conduct is "likely to deter victims of discrimination from complaining to the EEOC."  *Burlington*, 548 U.S. at ----, 126 S.Ct. at 2415 (internal quotation and citation omitted).  "[P]etty slights, minor annoyances, and simple lack of good manners" are normally not sufficient to deter a reasonable person. *Id.*

*Hare*, 220 F. App'x at 128.[2]

> If Plaintiff can establish a prima facie case of retaliation,

> the familiar *McDonnell Douglas* approach applies in which "the burden shifts to the employer to advance a legitimate, non-retaliatory reason" for its conduct and, if it does so, "the plaintiff must be able to convince the factfinder both that the employer's proffered explanation was false, and that retaliation was the real reason for the adverse employment action."  *Krouse v. Am. Sterilizer Co.*, 126 F.3d 494, 500-01 (3d Cir.1997).  To survive a motion for summary judgment in the employer's favor, a plaintiff must produce some evidence from which a jury could reasonably reach these conclusions.  *Fuentes v. Perskie*,  32 F.3d 759, 764 (3d Cir.1994).

*Moore v. City of Philadelphia*, 461 F.3d 331, 342 (3d Cir. 2006).

---

2.  The Court notes that the definition of *adverse employment action* for Title VII retaliation claims is different than the one used for Title VII discrimination claims, as decided by *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006).

As grounds for her claim, Plaintiff alleges that 1.) she met with an EEO counselor on May 1, 2007; 2.) Hawk became aware the Plaintiff had initiated the EEO process on or before May 15, 2007, because Plaintiff informed him that she was taking leave to meet with the EEO counselor; 3.) on May 16, 2007, Plaintiff went to the doctor before normal working hours, where Hawk called to instruct her that she was required to let him know where she was, even though she had left a message for him the day before saying she might be late for work; 4.) Hawk gave her a "written counseling" on May 20, 2007, for failing to keep him properly informed of her whereabouts. Compl. at para. 20-23.

### 1. <u>Materially adverse employment action</u>

Defendant maintains that the "written counseling" of which Plaintiff complains does not rise to the level of a "materially adverse employment action." Plaintiff fails to address this prong of her prima facie case in her Opposition. Unlike the plaintiff in *Hare*, who "had excelled in previous assignments and who had good working relationship with her supervisors" but who "encountered so many problems just after she told her supervisor that she had engaged in protected conduct," *Hare*, 220 F. App'x at 132, this was not the first or only time that Plaintiff had received "written counseling." In fact, Plaintiff received other "counseling" when Plaintiff violated DEA policy by withdrawing $300 for personal use from her government travel card in March 2005. Mem. in Supp. at 12-13 (citations

omitted). She received "counseling" when she left a prisoner unattended in a holding cell

in February 2007. *Id*. at 13-14 (citations omitted). It appears that written memos

documenting Plaintiff's mistakes or failures to follow DEA policy were routine. Nothing

about the May 20, 2007, "written counseling" is different from the previous incidents other

than the fact that it occurred after Plaintiff met with an EEO counselor. Moreover, nothing

in the record demonstrates that this particular "written counseling" was of a nature that

would "dissuade [an] employee[] from complaining or assisting in complaints about

discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 70 (2006).

Consequently, the Court finds that Plaintiff has failed to establish a prima facie case of

retaliation.

### 2. Pretext

Assuming *arguendo* that such a prima facie case exists, the Court further finds that

Plaintiff has not presented sufficient evidence of pretext. Again, in order to prove pretext,

Plaintiff must produce evidence which allows the "factfinder reasonably to infer that *each*

of the employer's proffered non-discriminatory reasons . . . was either a *post hoc* fabrication

or otherwise did not actually motivate the employment action." *Fuentes*, 32 F.3d at 764

(citations omitted) (emphasis in original).

Defendant states that the "written counseling" was issued in view of Plaintiff's absences for the May 16, 2007, office inspection by the Office of National Drug Control Policy, as well as the "round-up of 35 suspects on May 17 on a case for which" Plaintiff was a co-case agent. Mem. in Supp. at 28-29. In addition, the "written counseling" was issued "to document [Plaintiff's] 'insubordination on May 16, 2007,'" referring to Plaintiff's handwritten note added to her excuse slip for May 16 and 17, 2007, which stated, "'In the future, if you know where I am & know what I'm doing & I'm not late, don't call me to harass me.'" Mem. in Supp. at 30 (citations omitted).

Plaintiff has alleged only that Hawk "harassed" Defendant by calling her when she was at the doctor's office and that the "written counseling" was retaliation for the fact that she pointed out the "harassment." Opp'n at 27. Such conclusory statements do nothing to demonstrate that Plaintiff's note on the excuse slip did not constitute insubordination or that the stated reasons for the "written counseling" were "*post hoc* fabrications" or "otherwise did not motivate" the action. *Fuentes*, 32 F.3d at 764. Plaintiff fails to address Defendant's rational, legitimate reasons for needing to know Plaintiff's whereabouts on May 16 and 17, 2007. Plaintiff counters these reasons by stating only that "[t]he DEA has not suggested that [Plaintiff] was feigning illness" and that Hawk had sent a memo earlier stating that he would be the only one required to participate in the office inspection.

Opposition at 26-27 (citations omitted). Even accepting these statements as true, Plaintiff

still fails to show how the reasons for the "written counseling" are pretextual. Plaintiff has

not provided any evidence that Special Agents are not required to keep their direct

supervisors informed of their whereabouts. Plaintiff also has failed to indicate that, as the

co-case agent involved in the round-up or thirty-five (35) suspects, Plaintiff was not

required to inform her co-case agents of her whereabouts or absence on that particular day.

Given her failure to present any evidence of pretext, Plaintiff's claim for retaliation in

violation of Title VII fails.

### C.    Count III – Hostile Work Environment

In this jurisdiction,

[t]o succeed in a sexual harassment claim based on a hostile work
environment, the plaintiff must show five elements:

> (1) the employee[ ] suffered intentional discrimination because
> of [her] sex; (2) the discrimination was pervasive and regular;
> (3) the discrimination detrimentally affected the plaintiff; (4)
> the discrimination would detrimentally affect a reasonable
> person of the same sex in that position; and (5) the existence of
> respondeat superior liability.

*Kunin v. Sears Roebuck & Co.*, 175 F.3d 289, 293 (3d Cir. 1999) (quoting *Andrews v. City of

Philadelphia*, 895 F.2d 1469, 1482 (3d Cir.1990)). As the *Kunin* court notes, "An employer is

not always liable for a hostile work environment. Instead, under *Andrews*, 'liability exists

where the defendant knew or should have known of the harassment and failed to take prompt remedial action.'" 895 F.2d at 1486 (citations omitted)." *Kunin*, 175 F.3d at 293-94.

Plaintiff, in this case, has not provided any evidence that the alleged discriminatory actions of Hawk, as Plaintiff's supervisor, are imputable to the DEA in general as Plaintiff's "employer." *See, e.g., Faragher v. City of Boca Raton*, 524 U.S. 775, 792 (1998) ("Title VII does not make employers 'always automatically liable for sexual harassment by their supervisors . . . .'") (quoting *Meritor Savings Bank, FSB v. Vinson*, 477 U.S. 57, 72 (1986)). In fact, Plaintiff does not even address this element of her prima facie case.

What the Court can glean from the limited record before it is that Plaintiff never complained about the specific incidents she outlines in her Opposition to her supervisor Hawk, his direct supervisor Special Agent in Charge Jerome Harris, or SAC Harris' supervisor Assistant Special Agent in Charge Joseph Shepherd or anyone else in authority. Moreover, Plaintiff also has failed to demonstrate "constructive notice," where the alleged discrimination "was so open and pervasive that a reasonable employer could not have been ignorant of it." *Kunin*, 175 F.3d at 295 (citation omitted). Thus, Plaintiff has failed to establish a prima facie case of hostile work environment.

Assuming *arguendo*, however, that Plaintiff somehow can show that the DEA knew or should have known of the alleged harassment and failed to take prompt remedial action,

the Court further finds that Plaintiff has not provided evidence that the alleged discrimination was based upon her sex and that the alleged discrimination was "pervasive and regular." *Andrews*, 895 F.2d at 1482.

While the Court has disallowed all but one of the discrete acts of alleged discrimination as untimely as bases for Count I,[3] for the purposes of examining Plaintiff's hostile work environment claim, the Court will consider all of the incidents identified by Plaintiff in the aggregate. *See, e.g., O'Connor v. City of Newark*, 440 F.3d 125, 127 (3d Cir. 2006) ("*Morgan* established a bright-line distinction between discrete acts, which are individually actionable, and acts which are not individually actionable but may be aggregated to make out a hostile work environment claim. . . . The latter can occur at any time so long as they are linked in a pattern of actions which continues into the applicable limitations period") (citing *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101 (2002)).

---

3. *See* Section II, A, *supra.*

### 1.        Discrimination because of her sex

Of the six (6) specific acts that Plaintiff identifies as intentionally discriminatory,[4]

only one, the inappropriate email, arguably can be construed as implicating Plaintiff's sex.

Taking all of the allegations as true, none of the other incidents even refer to or implicate

---

4. Plaintiff alleges, in her Complaint, that

> Throughout the relevant time period of this lawsuit, May 3, 2006[,] to October 12, 2007, the Plaintiff has been forced to work in a work environment that is hostile to her because of her gender. These actions include, without limitation:

> a.    Interfering with plaintiff's travel for training at the DEA Training Academy in Quantico in March 2005 by calling the academy and instructing the instructor to require Plaintiff to complete her return travel in one day in order to make the travel inconvenient for Plaintiff.

> b.    On June 9, 2005, sending a video via DEA email to Plaintiff in which a woman is depicted in a powerless position at the hands of a male law enforcement officer and is "Tasered," causing the woman to scream as if she were having an orgasm. Defendant Hawk entitled the email, "You 'the aggressive woman' will like this."

> c.    Between January 2005 and October 2007, Defendant Hawk routinely assigning male Special Agents junior to the Plaintiff to serve as the Acting Resident Agent in Charge for lengthy periods of time while routinely assigning Plaintiff to serve as the Acting Resident Agent in Charge for short (four to twenty-four hours) periods of time, and usually at undesirable times. For example, Plaintiff would be assigned to serve as the Acting Resident Agent in Charge on Friday afternoons, immediately prior to the commencement of a weekend, which would necessarily cause Plaintiff to have to stay beyond normal working hours at the commencement of a weekend.

> d.    Refusing to extend Plaintiff's assignment to St. Croix despite the fact that such requests in hardship locations are routinely granted and on information and belief have never been denied when a male Special Agent made such a request.

> e.    Giving Plaintiff lower than appropriate ratings on her annual performance reviews while giving male Special Agents higher than appropriate ratings on their annual performance reviews.

> f.    Sabotaging Plaintiff's opportunities for promotion by giving Plaintiff inappropriate and contradictory SAAP ratings.

Compl. at para. 27.

the fact that Plaintiff is a woman. Nothing recited by Plaintiff creates an issue of material fact that the conduct of which she complains was gender based. Plaintiff fails to demonstrate that "members of one sex [were] exposed to disadvantageous terms or conditions of employment to which members of the other sex [were] not exposed." *Connell v. Nicholson*, 318 F. App'x 75, 77 (3d Cir. 2009)(quoting *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80 (1998)) (internal citation and quotation marks omitted). Simply because Plaintiff was a female special agent in an office comprised mostly of males does not necessarily lead to the conclusion that any conduct directed toward Plaintiff was gender based. Plaintiff has not shown that she would have been treated differently if she had been male. The Court further notes that Plaintiff fails to cite any caselaw, in support of her contention that she "was targeted because of her gender," Opp'n at 24, where such a conclusion was reached given similar facts.

## 2.    Discrimination pervasive and regular

Although not necessary, the Court also finds that Plaintiff has failed to put forth evidence sufficient to enable the factfinder to determine that the alleged discrimination was "so severe or pervasive as to constitute an objective change in the conditions of employment." *Sanchez v. SunGard Availability Servs., LP*, 362 F. App'x. 283, 287 (3d Cir. 2010) (citing *Faragher v. City of Boca Raton*, 524 U.S. 775, 787 (1998)).

According to Plaintiff's claims, the alleged discrimination began in 2005. She never reported a single incidence of alleged discrimination until she met with an EEO counselor in May of 2007. During those two (2) years, she recounts what she believes are six (6) specific instances of discrimination. Even if a jury believes that each allegation in fact was an act of discrimination on the basis of sex, the allegations do not rise to the level of severity or pervasiveness sufficient to support a charge of hostile work environment. Plaintiff has not alleged nor supplied evidence that the alleged discrimination detracted from her job performance, discouraged her from remaining on the job, or kept her from advancing in her career. *Harris*, 510 U.S. at 371; *see also Sanchez*, 362 F. App'x. at 287 ("There is no evidence in the record that the complained-of conduct ever interfered with Sanchez's ability to do his work"). In fact, Plaintiff's impetus for bringing this action was the denial of her request for extension of her assignment with the DEA office in St. Croix. Plaintiff wanted to stay in the St. Croix office for at least another year, the same office where she alleges the hostile work environment existed and went unaddressed.

## III.    <u>CONCLUSION</u>

The Court finds that there are no genuine issues of material fact in dispute and that Plaintiff has failed to establish by a preponderance of the evidence a prima facie case of discriminatory conduct by Defendant. Plaintiff has not shown that she suffered an adverse

employment action.  Even if Plaintiff could be found to have established a prima facie case of discrimination, Defendant has articulated a legitimate nondiscriminatory reason for denying Plaintiff's request for an extension of her assignment with the DEA office in St. Croix, and Plaintiff has failed to sustain her burden of providing evidence that the Defendant's reason was a pretext.  Therefore, summary judgment will be granted with regard to Count I.

With regard to Count II, the Court finds that Plaintiff has failed to establish a prima facie case of retaliation in violation of Title VII.  Plaintiff has not shown that she suffered a materially adverse employment action.  Even assuming that Plaintiff has established a prima facie case of retaliation, Defendant has articulated legitimate nondiscriminatory reasons for the May 20, 2007, "written counseling," and Plaintiff has failed to sustain her burden of providing evidence that Defendant's reasons were pretextual.  Therefore, summary judgment will be granted in favor of Defendant on Count II.

As for Count III, the Court finds that Plaintiff has failed to establish a prima facie case of hostile work environment.  First, Plaintiff has not shown *respondeat superior* liability.  Second, Plaintiff has not shown that the alleged incidents of discrimination were gender based.  Third, Plaintiff has not shown that the alleged incidents of discrimination were

regular and pervasive.  Consequently, summary judgment will be granted with regard to

Count III.

Because Defendant is entitled to judgment as a matter of law, the Court will grant

Defendant's Motion to Dismiss and in the Alternative Motion For Summary Judgment

(Docket No. 59) in its entirety and enter judgment in favor of Defendant on all remaining

counts of Plaintiff's complaint.  An appropriate Order accompanies this Memorandum

Opinion.

ENTER:


Dated: June 30, 2010                               /s/ George W. Cannon, Jr.
                                                   GEORGE W. CANNON, JR.
                                                   U.S. MAGISTRATE JUDGE